[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
By his petition filed October 28, 2002, petitioner seeks a writ of habeas corpus.
In his petition, it is alleged that respondent has classified petitioner's sex level risk score as "2." Petitioner believes that this classification is incorrect and should be a "1." As a result of this classification, it is alleged that he has been eliminated from eligibility for transitional supervision and may not be transferred to a level 2 facility prior to his release.
Respondent has moved to dismiss the petition claiming that petitioner has no constitutionally protected right to a particular classification.
Petitioner has objected to the granting of the motion to dismiss claiming that the improper classification involves the loss of a liberty interest protected by the constitution.
The judicial authority may, upon motion of respondent, dismiss a petition where it is determined that the petition fails to state a claim upon which habeas corpus relief can be granted. Connecticut Practice Book § 23-29(2).
The issue here is whether or not petitioner has a liberty interest in his classification.
With respect to the classification of a sentence being served, our Supreme Court, relying on Moody v. Daggett, 429 U.S. 78, 97 S.Ct. 274,50 L.Ed.2d 236 (1976), stated in Wheway v. Warden, 215 Conn. 418, 431
(1990).
The Moody court established the further proposition that not every state action that carries adverse consequences for prison inmates automatically implicates or effectuates a due process right. Prison CT Page 3864 classification and eligibility for various rehabilitation programs, wherein prison officials have full discretion to control those conditions of confinement, do not create a statutory or constitutional entitlement sufficient to invoke due process. Moody v. Daggett, supra, 88-89 n. 9; see Meachum v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451, reh. denied, 429 U.S. 24, 97 S.Ct. 191, 50 L.Ed.2d 1991 (1976).
Since petitioner has no constitutionally protected right to a particular classification, the motion to dismiss must be granted.
Accordingly, the motion to dismiss is granted.
Joseph J. Purtill, JTR CT Page 3865